IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| KACI JANELLE HINTZ, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 7:20-cv-0069-O-BP |
| § | |
| TEXAS DEPARTMENT OF CHILD § | |
| AND FAMILY SERVICES, § | |
| § | |
| Defendant. § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

In this case, Plaintiff, Kaci Janelle Hintz, proceeds *pro se* and purports to give notice of appeal to the United States Court of Appeals for the Fifth Circuit from the termination of parental rights entered on May 7, 2020. ECF No. 1. She moved for leave to proceed *in forma pauperis* in this Court on a form approved by the Supreme Court of Texas by order in Misc. Docket No. 16-9122. *See* ECF No. 2. The case was automatically referred to the undersigned pursuant to Special Order No. 3 on June 8, 2020.

The undersigned entered a Notice of Deficiency and Order on June 11, 2020 directing Plaintiff to "either pay the filing fee or file a motion to proceed *in forma pauperis* using the proper form" available on the Court's website, http://www.txnd.uscourts.gov/ forms/pro-se, by July 2, 2020. ECF No. 5. The order cautioned Plaintiff "that if her intent in filing the Complaint was to appeal the action of a court of the State of Texas to the state court of appeals, that appeal must be filed in the proper state court, not in this Court." *Id.* Finally, the order provided that "[f]ailure to comply with this Order may result in dismissal of the Complaint without further notice." *Id.* Plaintiff did not pay the filing fee or file a proper motion to proceed *in forma pauperis* as ordered.

It appears to the Court that Plaintiff mistakenly filed this action to appeal a state court order terminating her parental rights. The Court cautioned Plaintiff that if she intended to appeal a state court order terminating parental rights, that appeal must be filed in the proper state court, not here. The Court also ordered Plaintiff to either pay the filing fee required for civil actions in this Court or file a motion to proceed *in forma pauperis* on the proper form and warned her that failure to comply might result in dismissal of her Complaint without further notice. Plaintiff neither paid the fee nor sought leave to proceed without paying the fee on the proper form by the date provided in the Court's Order. Under these circumstances, Plaintiff's Complaint should be dismissed.

Accordingly, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **dismiss** Plaintiff's Complaint **without prejudice** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute or to comply with court orders.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed July 7, 2020.

                                             _____
                                             Hal R. Ray, Jr.
                                             UNITED STATES MAGISTRATE JUDGE